HEIRS OF JOSÉ S. MANDÉS CINTRÓN, Plaintiffs and Appellants-Appellees, *v.* HEIRS OF ALFONSO G. AGÜERO VÁZQUEZ, Defendants and Appellees-Appellants.

No. 5090. Decided March 30, 1932.

*Tous Soto & Zapater* for plaintiffs-appellants. *R. Rivera Zayas* and *A. L. López* for defendants-appellees.

Mr. Justice Wolf delivered the opinion of the Court.

As outlined in our original opinion, this was an attack on a mortgage proceeding on two grounds, namely, that one of the heirs of Mandés had not been made a party, and that at the time of the mortgage sale Passalacqua Bros. & Co. was not the owner of the mortgage credit. A motion for reconsideration has been presented.

With regard to the cession, we have little to add to our original opinion except to say that we are satisfied that the defendants were third persons and the plaintiffs do not in any way satisfy us that at the time of the mortgage sale any of the defendants had notice or knowledge of the lack of ownership in Passalacqua Bros. & Co.; that is to say, that even supposing that the original mortgage proceeding was void or voidable, the said defect did not appear from the registry.

The plaintiffs insist that when a proceeding is begun in ievendication to recover a piece of property, all that a plaintiff needs to do is to show that the title is in him or his ancestor and that then the burden of proof falls upon the purchaser under a mortgage sale to show that the sale took place in due form. This might be true if the mortgage sale itself had not been recorded in the registry of property. With such a record the burden is or remains with the plaintiff to show that the record was either unduly made or that the foreclosure sale was subject to annulment. What happened in this case was, as a matter of fact, that the succession of Mandés, who succeeded to his rights, was composed of the widow, two natural children and José S. Mandés Ortiz, who was a legitimate son. In the certificates issued by various registrars of property there is a statement or statements that the sale took place against the Succession of Mandés, composed of the widow and the two natural children. José S. Mandés Ortiz was not mentioned as part of the said succession. It transpired at the trial that all the papers of the mortgage proceeding had been lost and no trace of them could be found. There-

fore, one could not actually know how the original mortgage proceeding was brought or whether José S. Mandés Ortiz was actually made a party. *Non constat* that he was made such a party, if necessary, and yet that the transcript in the registry was not a faithful reproduction of what in point of fact happened in the proceeding.

We repeat what we said in our original opinion, that the mortgage proceeding is not an adversary one in the ordinary sense, so that in reality there are no parties but there is a demand (*requerimiento*) made upon the debtors or the person in charge of the property, as the case may be. Again, as the mortgage proceeding is not before us, differently from the case of *Arvelo et al. v. Banco Ter. y Agr.*, 25 P.R.R. 677, we can not say that the demand was not made upon the person in charge of the property. All that the record originally showed was the statement that the mortgage execution had taken place against the succession of José S. Mandés, composed of his widow and two natural children concerned. This apparently was a perfect description. Nevertheless, the registrar of property recorded the deed with the curable defect that the property had never been recorded in the name of the said succession. This ruling of the registrar was appealed from and reversed by this Court in the case of *Pasalacqua v. Reg. of Prop.*, 6 P.R.R. 87.

What appeared in the registry was only a statement by the registrar as to who composed the succession, but did not show that the proceedings were not properly initiated and followed up. Anyone purchasing at the mortgage sale could not know from the registry of any defect in the record and again the defendants until a due proceeding were third persons so far as any defect in the mortgage proceeding was concerned. This of course does not militate against our ruling in the case of *Anaud v. Martínez et al.*, 40 P.R.R. 641, that the mere record does not by itself make the title good in persons who acquired the property, but the burden neverthe-

less remains in one who would attack the record to show that the mortgage proceeding was in fact null and void.

What the case of Anaud and its confirmation decide is that the Mortgage Law reserves the right in a debtor to annul the mortgage proceeding. Without such annulment third persons are protected by virtue of sections 33 and 34 of the Mortgage Law. A mortgage sale duly recorded is valid until annulled. Section 34 protects third persons with the exception contained in the Mortgage Law itself, including article 175 of the Regulations.

Nor does it make any difference that the plaintiffs in their complaint set up that José S. Mandés Ortiz was not made a party defendant in the mortgage proceeding, because as we have pointed out and the defendants have insisted, there are no parties in a real sense in a mortgage proceeding. The outcome is not *res judicata* as the case of Anaud shows. Jurisdiction and a valid sale may arise without serving a particular heir with a demand (*requerimiento*). The defendant, therefore, was not bound by his failure to deny the statement contained in the complaint. The averment that José Mandés Ortiz was not made a party did not exclude the possibility of a due demand (*requerimiento*). Also, we wish to draw attention to the fact that the registry did not authentically show who were the heirs of José S. Mandés Cintrón, ancestor of the plaintiffs.

These considerations apply in a suit of revendication like the present one. We may say in passing, however, that it seems to us that article 175 of the Regulations contemplates a suit to annul the mortgage proceedings. The words of article 175 are as follows:

"All other claims that may be brought, either by the debtor or by third persons in possession and other persons interested, including those involving the nullity of the title or of the proceedings, or the maturity, truth, extinction or amount of the debt, shall be heard in

the proper plenary action, without ever producing the effect of suspending or interfering with the execution proceedings."

With the words "including those involving the nullity of the title or of the proceedings," the Legislature apparently contemplated a suit for the nullity of the mortgage proceeding, and not a revendicatory action.

The plaintiffs, who succeeded in recovering two pieces of property, asked us sometime ago to send the mandate to the district court, but we have thought it more advisable to dispose of the whole case, even though the defendants have not appealed or presented a motion for reconsideration.

The motion for reconsideration will be denied.

Mr. Justice Hutchison dissented.